UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**TYJUAN GRAY,**<br><br>Defendant. | 2:23-CR-20544-TGB-DRG<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING GOVERNMENT'S MOTON (ECF NO. 31)**<br><br>**AND ADVISING DEFENDANT OF ATTORNEY-CLIENT PRIVILEGE WAIVER** |

Now before the Court is the government's Motion to Extend Time for Response to Petition Under 28 U.S.C. § 2255 and Motion for Order Finding a Waiver of Attorney-Client Privilege and Directing Trial Counsel to Provide Information. ECF No. 31. For the reasons set forth below, the government's motion will be **GRANTED.**

## I.   BACKGROUND

On August 20, 2024, Defendant Tyjuan Gray, proceeding pro se, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 20. In his motion, Gray raises claims of an "unlawful sentencing," prosecutorial misconduct, ineffective assistance of counsel, and Eighth and Fourteenth Amendment violations. *Id*. On October 30, 2024, the government asked the Court to dismiss Gray's § 2255 motion without prejudice, as his

1

appeal was pending. ECF No. 27. On August 15, 2025, the Sixth Circuit affirmed Gray's conviction and sentence; the mandate issued on September 9, 2025. ECF Nos. 29, 30. On August 18, 2025, the Court ordered the government to file an amended response to Gray's § 2255 motion.

On September 12, 2025, the government filed its motion asking the Court to extend the time for it to respond to Gray's petition under 28 U.S.C. § 2255 and for a finding that Gray waived the attorney-client privilege by raising his ineffective assistance of counsel claims in his § 2255 motion. ECF No. 31. The government argues that to properly address Gray's motion, it needs additional time to research and respond to Gray's claims, as well as time to interview and confer with Gray's trial counsel, Charles Longstreet, about Gray's allegation of ineffective assistance of counsel.

## II. DISCUSSION

The attorney-client privilege protects certain communications between an attorney and client from disclosure without the client's permission. *In re Lott*, 424 F.3d 446, 452 (6th Cir. 2005). The privilege applies to "all stages of all actions, cases, and proceedings" including habeas proceedings. *Id.* (quoting Fed. R. Evid. 1101(c)). But "the attorney-client privilege cannot at once be used as a shield and a sword." *Id.* at 454 (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)). "The privilege may be implicitly waived by claiming

ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance." *Id.* at 452–53. For instance, a habeas petitioner who "injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct" waives the attorney-client privilege by implication. *Id.* at 453 (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)). Then, the Court will construe the implied waiver narrowly, only "to the extent necessary to litigate a petitioner's ineffective assistance of counsel claims." *Id.*

Here, Gray alleges ineffective assistance from his trial counsel. Gray alleges his trial counsel "railroaded" him into taking plea, that he was never given a copy of the Rule 11 plea agreement, although it was "shown" to him, and that his trial counsel promised Gray that he would get the "low end of the guidelines." ECF No. 20, PageID.136–37. Based on his allegations, Gray has implicitly waived the attorney-client privilege with respect to the communications between himself and his attorney related to the subject matter set forth in the § 2255 petition. *See Lott*, 424 F.3d at 853; *see also United States v. Ketzner*, No. 20-20346, 2023 WL 174943, at *1 (E.D. Mich. Jan. 12, 2023) (Roberts, J.) (defendant's ineffective-assistance-of-counsel claims waived the attorney-client privilege to the extent necessary to litigate that claim).

The government cannot adequately investigate and respond to Gray's motion without obtaining information from Gray's trial counsel

3

regarding his communications with Gray. If Gray chooses to preserve the attorney-client privilege between himself and Mr. Longstreet, he may withdraw the ineffective-assistance-of-counsel claims. If Gray chooses not to withdraw the ineffective-assistance-of-counsel claims, the Court will recognize that Gray has waived the attorney-client privilege and work-product privilege to the extent necessary to litigate his claims. Moreover, the Court will order Mr. Longstreet to provide testimony and all documents and communications with Gray relating to the issues raised in his motion.

## III.  CONCLUSION

Accordingly, for the foregoing reasons, the government's motion, ECF No. 31, is **GRANTED**. Unless Gray notifies the Court **in writing** that his ineffective-assistance-of-counsel claim is withdrawn **within thirty (30) days** of the date of this order, the Court will consider Gray to have waived the attorney client privilege between himself and his trial counsel to the extent necessary to litigate the claims raised in his motion, and Attorney Charles Longstreet will be required to provide all documents and communications related to Gray's claim, including testimony if necessary.

5

The government's response to Gray's motion to vacate is now due on **December 1, 2025** and Gray's reply, if any, due on **December 15, 2025**.

**IT IS SO ORDERED.**

Dated: September 15, 2025   /s/Terrence G. Berg
                            HON. TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE